12-12-00435-CV

## CAUSE NO. 2010C-1527

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| TY GREGORY | § | HENDERSON COUNTY, TEXAS |
| ALEXIS GREGORY | § | |
| ALYSON HARRISON | § | |
| | § | |
| CHILDREN | § | 3RD JUDICIAL DISTRICT |

### ORDER REGARDING PATERNITY
### AND
### ORDER OF TERMINATION

On July 20, 2012, the Court heard this case.

**1.    Appearances**

1.1.    The Texas Department of Family and Protective Services ("the Department") appeared through Sandra Starnes, caseworker, and by attorney, Sheri Shepherd, and announced ready.

1.2.    Respondent Mother, Julie Harrison, appeared in person. Attorney of record, Nolan Wickel, appeared and announced ready.

1.3.    Respondent Adjudicated Father of Ty Gregory, Todd Gregory, appeared in person. Attorney of record, Chris Tinsley, appeared and announced ready.

1.4.    Respondent Alleged Father of Alexis Gregory, Billy D'Wayne Denison, did not appear. Attorney of record, Nolan Wickel, appeared and announced ready.

1.5.    John Youngblood, appointed by the Court as attorney *ad litem* of the children the subject of this suit, appeared and announced ready.

1.6.    CASA of Trinity Valley, appointed by the Court as guardian *ad litem* of the children the subject of this suit, appeared and announced ready.

**2.    Jurisdiction and Service of Process**

2.1.    The Court finds that a request for identification of a court of continuing, exclusive jurisdiction has been made as required by Texas Family Code § 155.101.

2.2.    The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

2.3.    The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction to render final orders

regarding the children the subject of this suit pursuant to Subchapter C, Chapter 152, Tex. Fam. Code, by virtue of the fact that Texas is the home state of the children.

2.4. All persons entitled to citation were properly cited.

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The record of testimony was duly reported by the court reporter for the 3rd Judicial District Court.

5. **The Children**

The Court finds that the following children are the subject of this suit:

5.1.
| | |
|---|---|
| Name: | Ty Gregory |
| Sex: | Male |
| Birthplace: | Unknown |
| Birth Date: | May 2, 2006 |
| Social Security Number: | xxx-xx-5893 |
| Present Residence: | Foster home |

5.2.
| | |
|---|---|
| Name: | Alexis Gregory |
| Sex: | Female |
| Birthplace: | Unknown |
| Birth Date: | November 12, 2007 |
| Social Security Number: | xxx-xx-2632 |
| Present Residence: | Foster Home |

5.3.
| | |
|---|---|
| Name: | Alyson Harrison |
| Sex: | Female |
| Birthplace: | Unknown |
| Birth Date: | August 15, 2004 |
| Social Security Number: | xxx-xx-4648 |
| Present Residence: | Foster home |

6. **Paternity: ALYSON HARRISON**

6.1. The Court finds that TODD GREGORY, is an alleged father of ALYSON HARRISON, a child a subject of this suit.

6.2. The Court finds that genetic testing was ordered in this case to determine whether TODD GREGORY is the biological father of ALYSON HARRISON.

6.3. The Court finds that a report of genetic testing regarding the parentage of ALYSON HARRISON, a child a subject of this suit, was duly admitted into evidence pursuant to §160.504 of the Texas Family Code.

6.4. The Court finds that the report of such genetic testing shows that TODD GREGORY is **NOT** the biological father of ALYSON HARRISON.

6.5. **IT IS THEREFORE ORDERED** that TODD GREGORY is **NOT** the biological father of ALYSON HARRISON.

## 7. Paternity: ALEXIS GREGORY

7.1. The Court finds that TODD GREGORY, is an alleged father of ALEXIS GREGORY, a child a subject of this suit.

7.2. The Court finds that genetic testing was ordered in this case to determine whether TODD GREGORY is the biological father of ALEXIS GREGORY.

7.3. The Court finds that a report of genetic testing regarding the parentage of the ALEXIS GREGORY, a child a subject of this suit, was duly admitted into evidence pursuant to §160.504 of the Texas Family Code.

7.4. The Court finds that the report of such genetic testing shows that TODD GREGORY is **NOT** the biological father of ALEXIS GREGORY.

7.5. **IT IS THEREFORE ORDERED** that TODD GREGORY is **NOT** the biological father of ALEXIS GREGORY.

## 8. Termination of Respondent Mother, JULIE HARRISON's, Parental Rights

8.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **JULIE HARRISON** and the children the subject of this suit is in the children's best interest.

8.2. The Court finds by clear and convincing evidence that **JULIE HARRISON** has:

8.2.1. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;

8.2.2. constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and: (1) the Department or authorized agency has made reasonable efforts to return the children to the mother; (2) the mother has not regularly visited or maintained significant contact with the children; and (3)the

mother has demonstrated an inability to provide the children with a safe environment;

8.2.3. failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children;

8.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **JULIE HARRISON** and the children, **ALYSON HARRISON, ALEXIS GREGORY, and TY GREGORY**, the subject of this suit is terminated.

9. **Termination of Respondent Father, TODD GREGORY's, Parental Rights**

9.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **TODD GREGORY** and the child, **TY GREGORY**, is in the child's best interest.

9.2. The Court finds by clear and convincing evidence that **TODD GREGORY** has:

9.2.1. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

9.2.2. failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

9.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **TODD GREGORY** and the child, **TY GREGORY**, is terminated.

10. **Termination of Alleged Father, BILLY D'WAYNE DENISON's, Parental Rights**

10.1. The Court finds by clear and convincing evidence that, after having waived service of process or being served with citation in this suit, **BILLY D'WAYNE DENISON**, did not respond by filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under Chapter 160 of the Texas Family Code before the final hearing in this suit.

10.2. The Court finds by clear and convincing evidence that **BILLY D'WAYNE DENISON** has not registered with the paternity registry, and after the exercise of due diligence by the Department, his identity is known, but he cannot be located.

10.3. The Court also finds by clear and convincing evidence that termination of the parent-child relationship, if any exists or could exist, between the alleged father **BILLY D'WAYNE DENISON** and the child, **ALEXIS GREGORY**, is in the best interest of the child.

10.4. **IT IS THEREFORE ORDERED** that the parent-child relationship, if any exists or could exist, between **BILLY D'WAYNE DENISON** and the child, **ALEXIS GREGORY**, is terminated.

11. **Interstate Compact**

The Court finds that Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002 of the Texas Family Code.

12. **Managing Conservatorship: ALYSON HARRISON**

10.1. **IT IS ORDERED** that the TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES is appointed Permanent Managing Conservator of the child **ALYSON HARRISON**, a child the subject of this suit, with the rights and duties specified in §153.371, Tex. Fam. Code.

10.2. The Court finds this appointment to be in the best interest of the child.

10.3. **IT IS ORDERED** that in addition to the rights and duties listed in § 153.371, Tex.Fam. Code, the Department is authorized to consent to the medical care of the children under § 166.004, Tex. Fam. Code.

13. **Managing Conservatorship: ALEXIS GREGORY**

11.1. **IT IS ORDERED** that the TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES is appointed Permanent Managing Conservator of the child, **ALEXIS GREGORY**, a child the subject of this suit, with the rights and duties specified in §153.371, Tex. Fam. Code.

11.2 The Court finds this appointment to be in the best interest of the child.

11.3. **IT IS ORDERED** that in addition to the rights and duties listed in § 153.371, Tex. Fam. Code, the Department is authorized to consent to the medical care of the children under § 166.004, Tex. Fam. Code.

14. **Managing Conservatorship: TY GREGORY**

14.1. **IT IS ORDERED** that the TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES is appointed Permanent Managing Conservator of the child, **TY GREGORY**, a child the subject of this suit, with the rights and duties specified in § 153.371, Tex. Fam. Code.

14.2. The Court finds this appointment to be in the best interest of the child.

14.3. **IT IS ORDERED** that in addition to the rights and duties listed in § 153.371, Tex. Fam. Code, the Department is authorized to consent to the medical care of the children under § 166.004, Tex. Fam. Code.

15. **Continuation of Court-Ordered Ad Litem or Advocate**

15.1. The Court finds that the children the subject of this suit will continue in care, and this Court will continue to review the placement, progress and welfare of the children.

15.2. **IT IS THEREFORE ORDERED** that **JOHN YOUNGBLOOD**, earlier appointed as attorney *ad litem* to represent the best interests of the children, the subject of this suit, is continued in this relationship until further order of this Court or final disposition of this suit.

15.3. **IT IS THEREFORE ORDERED** that **CASA of Trinity Valley**, earlier appointed as guardian a*d litem* to represent the best interests of the children, the subject of this suit, is continued in this relationship until further order of this Court or final disposition of this suit.

16. **Dismissal of Other Court-Ordered Relationships**

16.1. Except as otherwise provided in this order, any other existing court-ordered relationships with the children the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the children are **DISMISSED** from this suit.

16.2. **IT IS ORDERED** that **NOLAN WICKEL** is dismissed from his court-ordered relationship with **BILLY D'WAYNE DENISON**.

16.3. **IT IS ORDERED** that **CHRIS TINSLEY** is dismissed from his court-ordered relationship with **TODD GREGORY**.

16.4. **IT IS ORDERED** that **NOLAN WICKEL** is dismissed from his court-ordered relationship with **JULIE HARRISON**.

17. **Inheritance Rights**

This Order shall not affect the right of any child to inherit from and through any party.

18. **Denial of Other Relief**

18.1. **IT IS ORDERED** that all relief requested in this case and not expressly granted is denied.

18.2. **IT IS FURTHER ORDERED** that this Order shall be final and appealable.

19.     **First Placement Review Hearing**

Pursuant to §263.501, Tex. Fam. Code, this Court shall conduct a review of the placement of the children on October 8, 2012 at 9:00 a.m. in the 3rd District Court of Henderson County, Texas.

SIGNED this ___ day of _____ 12/12 _____, 2012.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
Sheri D. Shepherd, Attorney for the Petitioner

_____
John Youngblood, Attorney *ad litem* for the children

_____
CASA of Trinity Valley, Guardian *ad litem* for the children

_____
Nolan Wickel, Attorney for the Mother, Julie Harrison

_____
Chris Tinsley, Attorney for the Father, Todd Gregory

_____
Nolan Wickel, Attorney for Father, Billy D'Wayne Denison

Order of Termination
Page 7

2010C-1527
3rd Judicial District Court

9036773902

19.    **First Placement Review Hearing**

**Pursuant to §263.501, Tex. Fam. Code, this Court shall conduct a review of the placement of the children on October 8, 2012 at 9:00 a.m. in the 3rd District Court of Henderson County, Texas.**

SIGNED this _____ day of _____, 2012.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Sheri D. Shepherd, Attorney for the Petitioner

_____
John Youngblood, Attorney *ad litem* for the children

_____
CASA of Trinity Valley, Guardian *ad litem* for the children

_____
Nolan Wickel, Attorney for the Mother, Julie Harrison

_____
Chris Tinsley, Attorney for the Father, Todd Gregory

_____
Nolan Wickel, Attorney for Father, Billy D'Wayne Denison

19.     **First Placement Review Hearing**

Pursuant to §263.501, Tex. Fam. Code, this Court shall conduct a review of the placement of the children on October 8, 2012 at 9:00 a.m. in the 3rd District Court of Henderson County, Texas.

SIGNED this _____ day of _____, 2012.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
Sheri D. Shepherd, Attorney for the Petitioner

_____
John Scott, Attorney *ad litem* for the children

_____
CASA of Trinity Valley, Guardian *ad litem* for the children

_____
Nolan Wickel, Attorney for the Mother, Julie Harrison

_____
Chris Tinsley, Attorney for the Father, Todd Gregory

_____
Nolan Wickel, Attorney for Father, Billy D'Wayne Denison

Order of Termination
Page 7

2010C-1527
3rd Judicial District Court

19. **First Placement Review Hearing**

Pursuant to §263.501, Tex. Fam. Code, this Court shall conduct a review of the placement of the children on October 8, 2012 at 9:00 a.m. in the 3ʳᵈ District Court of Henderson County, Texas.

SIGNED this _____ day of _____, 2012.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
Sheri D. Shepherd, Attorney for the Petitioner

_____
John Youngblood, Attorney *ad litem* for the children

_____
CASA of Trinity Valley, Guardian *ad litem* for the children

_____
Nolan Wickel, Attorney for the Mother, Julie Harrison

_____
Chris Tinsley, Attorney for the Father, Todd Gregory

_____
Nolan Wickel, Attorney for Father, Billy D'Wayne Denison